# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CAROL A. YASHUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1020 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' consent motion for extension of time to complete ADR and response to this Court's Order to Show Cause. Doc. 21. For the following reasons, the Court will grant the parties' consent motion for extension of time to complete ADR and will impose monetary sanctions on counsel for both plaintiff Carol A. Yashuk and defendant United States of America.

**I.      Background**

The parties' Proposed Scheduling Order filed October 1, 2018 stated this case was "appropriate for alternative dispute resolution." Doc. 5 at 2. On May 1, 2019, the Court referred this case to ADR and ordered the conference to be concluded before July 1, 2019. Doc. 9. Plaintiff's attorney Mr. Robert Earl Wann, III, was designated as lead counsel. Id. at 2. The referral Order states in pertinent part:

> All deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead counsel **shall file a motion requesting an extension of the deadline** prior to the expiration of that deadline. Noncompliance with any deadline set herein by this Court may result in the imposition of sanctions upon the appropriate party or parties.

Id. at 3 (emphasis in original). The referral Order further states: "The Court may impose sanctions for any willful or negligent failure of a party, its representative, or counsel to comply with deadlines, proceed, or participate in good faith in accordance with this Order and the Local Rules concerning Alternative Dispute Resolution." Id. at 3.

On May 13, 2019, plaintiff filed a consent motion to extend the ADR deadline to July 12, 2019, which the Court granted. Docs. 10, 12. On July 1, 2019, the government filed a consent motion to extend the ADR deadline to August 9, 2019, which the Court granted. Doc. 14, 15. The ADR Compliance Report was due on August 23, 2019. Doc. 15. The parties failed to comply. On August 26, 2019, the Clerk issued a Notice of Noncompliance, which stated that a written motion requesting an extension of time to file the ADR Compliance Report must be filed within five days. Doc. 16. On August 29, 2019, the government filed a consent motion to extend the ADR deadline to October 1, 2019, which the Court granted. Docs. 17, 18. The ADR Compliance Report was due on October 15, 2019. Doc. 18. For a second time, the parties failed to comply. On October 16, 2019, the Clerk issued a Notice of Noncompliance, which stated that a written motion requesting an extension of time to file the ADR Compliance Report must be filed within five days. Doc. 19. The parties failed to file a motion for extension of time as directed.

On October 25, 2019, at the Court's discretion and as a courtesy, the Clerk called and left a voicemail for plaintiff's counsel, Mr. Wann, and defense counsel, Mr. Steven Luther. On October 26, 2019, after having received no response, the Clerk again called plaintiff's counsel, who informed the Clerk that the parties did not participate in mediation and would need an extension of time. Mr. Wann stated Mr. Luther was supposed to file the motion for extension. Neither counsel filed a motion for extension of time, however.

On October 29, 2019, the Court issued an Order to Show Cause in writing why monetary sanctions should not be imposed against lead counsel, Mr. Wann, for failure to comply with the Court's order referring the case to alternative dispute resolution. Doc. 20. The Order stated that a failure "to show good cause may result in the imposition of monetary sanctions against Mr. Wann and/or dismissal of this case with or without prejudice." Id. (citing Rule 41(b), Fed. R. Civ. P.). Mr. Luther then filed the instant consent motion for extension of time to complete ADR and response to order to show cause. The parties offered the following reason for non-compliance: "[C]ounsel for Defendant [Assistant U.S. Attorney Steven Luther] offered to prepare a consent motion to extend time for mediation given that the conflict arose from defense counsel's calendar. Unfortunately, as a result of other case obligations, counsel for Defendant erroneously failed to prepare the consent motion." Doc. 21 at 2. The parties' response offers no explanation for why Mr. Wann, as lead counsel, did not remedy Mr. Luther's error by promptly filing a motion for extension of time to complete ADR after having been ordered to do so. On November 4, 2019, Mr. Wann refiled the parties' consent motion for extension of time to complete ADR and response to order to show cause using his own Case Management/Electronic Case Filing (CM/ECF) log-in and password. Doc. 22.

## II.   Discussion

### A. *Imposition of Sanctions*

Federal Rule of Civil Procedure 16(f)(1)(C) allows a district court to sua sponte issue sanctions "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." See Nick v. Morgan's Foods, Inc., 99 F. Supp. 2d 1056, 1059-60 (E.D. Mo. June 8, 2000), aff'd, 270 F.3d 590 (8th Cir. 2001) ("The Court's authority to enforce its [ADR] orders by imposing sanctions is

founded upon the Federal Rules of Civil Procedure and a district court's inherent authority to manage the progress of litigation.").

Whether to issue such sanctions "is entrusted to [a] district court's sound discretion." United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in U.S. Currency, 2016 WL 3144679, at *2 (8th Cir. June 6, 2016). The factual question is "whether the evidence supports the chosen sanction." Id. (quotation marks and citation omitted). A district court's factual determinations supporting the issuance of sanctions, including its determination that a party "willfully disregarded court orders," will be upheld absent clear error. Schubert v. Pfizer, Inc., 459 F. App'x 568, 572 (8th Cir. 2012) (unpublished per curiam) (quoting Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)).

The Court has carefully considered the circumstances of the matter as set forth in the parties' response to the Show Cause Order. While counsel focus on Mr. Luther's failure to file a timely motion for extension in October 2019 and argue this was due to an error and not a lack of diligence on the part of the parties in pursuing the ADR referral, the Court disagrees. The Court has issued two Notices of Non-Compliance in this case for failure to comply with the Court's ADR referral. Docs. 16, 19. After the Court granted three motions by the parties for extension of time to complete mediation, the ADR Compliance Report was due on October 15, 2019. Doc. 18. A Notice of Noncompliance was issued on October 16, 2019, directing the parties to file a motion for extension by October 21, 2019. As has been their practice in this case, counsel ignored the deadline and only chose to respond on October 29, 2019, *after* the Court threatened to impose monetary sanctions. The Court finds that both attorneys have willfully disregarded its Orders.

4

The Court has spent unnecessary time attempting to determine the status of this case and then was required to prepare and issue an Order to Show Cause due to the parties' blatant and repeated failure to comply with the ADR deadlines. On October 25, 2019, the Clerk called both parties' counsel with no response, and received no return phone call. On October 26, 2019, the Clerk placed a second call to Mr. Wann, who stated that mediation had not yet been completed and it was Mr. Luther who agreed, but failed, to file a motion for extension. While Mr. Luther may have erroneously forgotten to file the motion for extension, neither party was diligent in filing a timely motion prior to the Court's issuance of a Show Cause Order. Mr. Wann was designated as lead counsel pursuant to the ADR referral order and had the responsibility to ensure compliance with deadlines.

Nor have counsel been diligent in pursuing alternative dispute resolution in this case. Under the Case Management Order, alternative dispute resolution was supposed to be completed by July 1, 2019.[1] They now seek to complete alternative dispute resolution by November 6, 2019 in a case set for trial on February 10, 2020.

Pursuant to its inherent authority and that conferred by Rule 16(f)(1)(C), the Court in the exercise of its discretion determines that it is appropriate for a monetary sanction to be imposed against plaintiff's counsel Mr. Wann and Assistant United States Attorney Steven Luther, in the amount of One Hundred Dollars ($100.00) each, for their failure to comply with the deadlines in

---

[1] The Court notes that in the consent motion for extension of time to complete ADR filed July 1, 2019, the date mediation was scheduled to be completed, Mr. Luther stated that as a result of other case obligations he "has not had sufficient time to fully assess this case and obtain concurrence with the relevant agency (United States Postal Service) as to the amount of any potential settlement in this matter. Such concurrence between counsel and the agency is necessary to engage in a meaningful mediation process." Doc. 14 at 1.

the Order Referring Case to Alternative Dispute Resolution and with other Orders of the Court as described herein. The Court finds no basis for imposition of any sanction against the parties.

  B. *Motion for Extension of Time to Complete ADR*

  The parties request an extension of time to November 6, 2019 to complete ADR. The parties assert they have already rescheduled mediation and selected a new neutral from the Court-approved list. The Court will grant the parties' request for an extension of time, but warns this is the last extension that will be granted.

  Accordingly,

  **IT IS HEREBY ORDERED** that the consent motion for extension of time to complete ADR is **GRANTED**. [Doc. 21]. The ADR conference shall be concluded on or before **November 6, 2019**.

  **IT IS FURTHER ORDERED** that a monetary sanction is imposed against plaintiff's counsel Mr. Robert Wann, III, and defendant's counsel Mr. Steven Luther, in the amount of One Hundred Dollars ($100.00) each, for failure to comply with the Court's ADR Orders.

  **IT IS FURTHER ORDERED** that by **November 26, 2019**, counsel shall each remit the sum of One Hundred Dollars ($100.00) to the Clerk of Court.

                _____
                **CHARLES A. SHAW**
                **UNITED STATES DISTRICT JUDGE**

Dated this __5th__ day of November, 2019.